COURT'S INSTRUCTION NO. 1    *5:14CV268*

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions.

You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions because all instructions, whenever given and whether in writing or not, must be followed.

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR - 4 2016

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

COURT'S INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts.  You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

COURT'S INSTRUCTION NO. 3

I have mentioned the word "evidence." The "evidence" consists of the testimony of witnesses and the documents received as exhibits. You may use reason and common sense to draw deductions or conclusions from facts that have been established by the evidence.

Certain things are not evidence. I will list those things again for you now:

1.      Statements, arguments, questions and comments by the attorneys are not evidence.

2.      Objections are not evidence. The parties have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Anything you saw or heard about this case outside the courtroom is not evidence.

COURT'S INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence; the opportunity the witness had to have seen or heard the things testified about; the witness's memory, knowledge, education, and experience; any motives that witness may have for testifying a certain way; the manner of the witness while testifying; whether that witness said something different at an earlier time; the general reasonableness of the testimony; and the extent to which the testimony is consistent with other evidence that you believe.

COURT'S INSTRUCTION NO. 5

A fact in dispute may be proved by circumstantial evidence as well as by direct evidence. A fact is established by direct evidence when, for example, it is proved by witnesses who testify to what they saw, heard, or experienced. A fact is established by circumstantial evidence when its existence can reasonably be inferred from other facts proved in the case.

COURT'S INSTRUCTION NO. 6

A party who has the burden of proof on a proposition must establish it by a preponderance of the evidence, unless the proposition is so established by other proof in the case.

"Preponderance of the evidence" means the greater weight of evidence. A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

The greater weight of the evidence is not necessarily established by the greater number of witnesses testifying to any fact or state of facts. It is the evidence which, when weighed with that opposed to it, has more convincing force and is more probably true and accurate. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If, upon any issue, the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve that question against the party who has the burden of proving it.

6

Finally, you have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

COURT'S INSTRUCTION NO. 7

MOTIVATING FACTOR

As used in these instructions, plaintiff Valerie Walker's race or sex was a "motivating factor" if her race or sex played a part in defendants' decision to discharge her. However, Walker's race or sex need not have been the only reason for defendants' decision to discharge Walker.

COURT'S INSTRUCTION NO. 8

<u>PRETEXT</u>

You may find that plaintiff Valerie Walker's race or sex was a determining factor in defendants' decision if it has been proved that defendants' stated reasons for its decision are not the real reason, but are a pretext to hide race or sex discrimination.

9

COURT'S INSTRUCTION NO. 9

RACE DISCRIMINATION

Plaintiff Valerie Walker claims defendants discriminated against her based on her race. Your verdict must be for Walker and against defendants on Walker's race discrimination claim if the following two elements have been proved by a preponderance of the evidence:

First, defendants discharged Walker; and

Second, Walker's race was a motivating factor in defendants' decision.

If either of the above elements has not been proved by a preponderance of the evidence, your verdict must be for defendants and you need not proceed further in considering this claim.

You may find that Walker's race was a motivating factor in the defendants' decision if it has been proved that defendants' stated reason for its decision is a pretext to hide race discrimination.

10

COURT'S INSTRUCTION NO. 10

<u>SEX DISCRIMINATION</u>

Plaintiff Valerie Walker claims defendants discriminated against her based on her sex. Your verdict must be for Walker and against defendants on Walker's sex discrimination claim if the following two elements have been proved by a preponderance of the evidence:

First, defendants discharged Walker; and

Second, Walker's sex was a motivating factor in defendants' decision.

If either of the above elements has not been proved by a preponderance of the evidence, your verdict must be for defendants and you need not proceed further in considering this claim.

You may find that Walker's sex was a motivating factor in the defendants' decision if it has been proved that defendants' stated reason for its decision is a pretext to hide sex discrimination.

11

COURT'S INSTRUCTION NO. 11

RETALIATION

Plaintiff Valerie Walker claims defendants retaliated against her for engaging in protected activity. Your verdict must be for Walker and against defendants on Walker's retaliation claim if the following three elements have been proved by a preponderance of the evidence:

First, Walker filed an EEOC charge alleging discrimination;

Second, defendants discharged Walker; and

Third, defendants would not have discharged Walker but for Walker's filing of an EEOC charge.

If any of the above elements has not been proved by a preponderance of the evidence, your verdict must be for defendants and you need not proceed further in considering this claim.

"But for" does not require that the filing of an EEOC charge form was the only reason for the decision made by defendants. You may find that defendants would not have discharged Walker "but for" the filing of the EEOC charge if it has been proved that defendants' stated reason for its decision is not the real reason, but is a pretext to hide retaliation.

12

## COURT'S INSTRUCTION NO. 12

### BUSINESS JUDGMENT

You may not return a verdict for plaintiff Valerie Walker just because you might disagree with defendants' decision or believe it to be harsh or unreasonable.

COURT'S INSTRUCTION NO. 13

COMPENSATORY DAMAGES

If you find in favor of plaintiff Valerie Walker on her race or sex discrimination claims, you must award her an amount of money that will fairly compensate her for any damages you find she sustained and are reasonably certain to sustain in the future as a direct result of defendants' actions. Walker's claim for damages includes two distinct types of damages, and you must consider them separately:

First, you must determine the amount of any wages and fringe benefits Walker would have earned in her employment with defendants if she had not been discharged on January 17, 2014, through the date of your verdict, minus the amount of earnings and benefits that Walker received from other employment during that time.

Second, you must determine the amount of any other damages sustained by Walker, such as lost fringe benefits, lost earning capacity, and other expenses incurred as a result of defendants' actions. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that Walker has a duty under the law to "mitigate" her damages - that is, to exercise reasonable diligence under the circumstances to

14

minimize her damages.   Therefore, if you find that Walker failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce her damages by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

15

COURT'S INSTRUCTION NO. 14

## NOMINAL DAMAGES

If you find in favor of the plaintiff, Valerie Walker, but you find that her damages have no monetary value, then you must return a verdict in her favor in the nominal amount of One Dollar ($1.00).

COURT'S INSTRUCTION NO. 15

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

First, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

Third, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and

I will answer you as soon as I can, either in writing or here in court.  While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

Fourth, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions.   Nothing I have said or done was meant to suggest what I think your verdict should be.  The verdict is entirely up to you.

Finally, the verdict form is your written decision in this case. [The form reads: (read form)]. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.

18